```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

RONALD C. TRITSCHLER, et al.,   )
                                )
    Plaintiffs,                 )   Civil Action No. 5:07-437-JMH
                                )
v.                              )
                                )
                                )
SCOTT HAIRE, et al.             )   **MEMORANDUM OPINION AND ORDER**
                                )
                                )
    Defendants.                 )

                   **   **   **   **   **

This matter is before the Court on Plaintiffs' Motion to Alter or Amend Judgment and Request for Hearing [Record No. 55], in which Plaintiffs argue that the Court erred in determining that the statute of limitations had expired as to Megan Tritschler's claims as they were tolled by disability until she reached the age of majority. Defendants have responded [Record No. 57], stating their objections to the Motion, and Plaintiffs have filed a Reply in further support of their Motion [Record No. 58]. The Court being sufficiently advised, Plaintiffs' Motion is now ripe for consideration.

A motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) should be granted only where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice."

-1-

*GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The motion does not serve as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a party should not use this motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir. 1992)).

In their Motion, Plaintiffs do not argue that there has been a change in the law concerning the tolling of statutes of limitations for infants, that there exists newly discovered evidence concerning Megan Tritschler's true age or status as an infant at any given time, or even that the Court committed a clear error of law. Rather, Plaintiffs first try to pass this off as a matter which they believe "was overlooked by the court in its prior decision." [Record No. 58 at 1.] The Court has reviewed those pleadings and finds that nowhere did Megan Tritschler (or any of her co-plaintiffs for that matter) raise the issue of tolling the statute of limitations which applied to her claims due to her infancy. In other words, the Court did not overlook this issue as Plaintiffs now suggest.

Plaintiffs have correctly surmised, in the alternative, that the Court was not aware of Megan Tritschler's age and, thus, did not take it into consideration when evaluating the expiration of

the statute of limitations with regard to her claims. The Court must concede, then, that Plaintiffs are not "rearguing any point presented in the Motion for Summary Judgment or accompanying pleadings." [Record No. 58 at 2.] This is because no one, least of all Megan Tritschler, raised it in any of the pleadings before this Court until now.

Defendants raised and presented arguments regarding the affirmative defense of the relevant statute of limitations in their pleadings related to those cross-motions, and Plaintiffs were provided an ample opportunity to raise any argument in response thereto that could defeat that defense. No doubt, Plaintiff Megan Tritschler was aware of her age at all times relevant to this lawsuit and could have asked the Court to toll the statute of limitations for any period of disability as an infant at the time she filed her pleadings related to the parties' cross-Motions for Summary Judgment with this Court. For reasons unknown to this Court, she failed to do so, and the Court finds that her present request is too little, too late. By failing to raise this argument during the briefing of the cross-motions for summary judgment, the Court concludes that Megan Tritschler has waived any argument concerning the tolling of the applicable statute of limitations for minority. Nor does the Court believe that any manifest injustice will be worked if this argument is not considered at this late date. Frankly, having made her bed, this litigant must now lie in

-3-

it.  Plaintiffs' request for relief shall be denied.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment and Request for Hearing [Record No. 55] shall be, and the same hereby is **DENIED.**

This the 20th day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge